**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION**

Civil Action Number:

ALEXANDER JOHNSON,

    Plaintiff,

vs.

ISLAND HOSPITALITY MANAGEMENT
II, LLC, d/b/a Stay Inn,

    Defendant.

---

**COMPLAINT**

---

Plaintiff Alexander Johnson, by and through his undersigned counsel, hereby files this Complaint and sues Island Hospitality Management II, LLC for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA") and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760, specifically, F.S. §§760.08, 413.08 and 509.092 and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §§36.302 and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367.

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

1

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the Southern District of Florida.

4. The remedies provided by Florida Statute §760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

5. Alexander Johnson (hereinafter referred to as "Plaintiff") was (and is currently) a resident of the State of Florida who suffers from what constitutes a "qualified disability" under the ADA. The Plaintiff is (and has been) hearing impaired and suffers from severe bilateral sensorineural hearing loss. The Plaintiff's disability is defined in 28 C.F.R. §36.104 (1)(iii); Plaintiff's hearing impairment is listed among the physical impairments that substantially limits one or more major life activities; therefore the Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA and by Florida Statues §§760.02(6), 413.08, and 509.092.

6. Defendant Island Hospitality Management II, LLC, a Delaware limited liability company, doing business as Stay Inn (also referenced as "Defendant") is authorized to conduct, and is conducting, business within the State of Florida and is doing business within the jurisdiction of this court.

## FACTS

1. At all times material hereto, the Defendant Island Hospitality Management II, LLC was (and is) an organization owning and operating a chain of hotels under the Stay Inn franchise (and brand) which are open to the public, of which Defendant Island Hospitality Management II, LLC is a part. Each of the Defendant's Stay Inn hotel is a place of Public Accommodation within the meaning of Title III because it is "an inn,

2

hotel, motel, or other place of lodging"; 42 U.S.C. §12182, §12181(7)(A); 28 C.F.R. §36.104 and the Florida Civil Rights Act, codified as Title XLIV.

2. The Defendant's Stay Inn franchise hotel provides lodging to transient guest, which subjects the Defendant, owner of the hotel, to Chapter 760, specifically, Florida Statutes §760.01(2) (regarding discrimination) and §760.02(11)(a) (as any inn, hotel, motel or other establishment which provides lodging to transient guests).

3. The Defendant's hotel location which the Plaintiff visited is the subject of this instant action and is referred throughout as "Stay Inn hotel," "hotel", "Public Lodging Establishment," or "place of Public Accommodation."

4. The Defendant is defined as a "Public Accommodation" because it owns, leases (or leases to), or operates a "Place of Public accommodation", which is the Defendant's Stay Inn hotel; 42 U.S.C. §12182, §12181(7)(A); 28 C.F.R. §36.104.

5. The Defendant's hotel has 135 rooms which accommodate transient guests (which are the general public) on a year-round basis.

6. On July 10, 2015, while on holiday to the Palm Beach area and looking for a hotel room to rent for his stay, the Plaintiff entered the Defendant's Stay Inn, a public lodging establishment located at 1505 Belvedere Road, West Palm Beach, Florida 33406 and attempted to patronize the hotel by checking into a room therein. The Plaintiff's visit was prior to instituting the instant action.

7. While proceeding through the check-in process to obtain a hotel room, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities offered therein on the basis that he was accompanied by his service animal.

8. The Plaintiff has required the use and accompaniment of a service animal as defined by 28 C.F.R. §36.104 and Florida Statue §413.08(1)(d).

9. Plaintiff's service animal is trained to perform tasks for the Plaintiff by assisting Plaintiff in aspects of his hearing disability. Such tasks include, but are not limited to, alerting Plaintiff to the presence of other people and emergency sounds, retrieving items the Plaintiff has dropped that Plaintiff did not hear falling (ie: keys, wallet), and providing evasive protection from physical threats that Plaintiff would not otherwise detect.

10. Plaintiff has been accompanied by a service animal for many years. Plaintiff's service animal assists him in public environments (including travel and places of public accommodations); his service animal stays by his side to alert, assist, and protect him from harm. Plaintiff's service animal is a dog named "Snoopy," and is also referenced throughout as "service animal," or as "Snoopy".

11. At the time Plaintiff visited Defendant's hotel, Defendant's representative(s) at the check-in counter inquired about Snoopy and the Plaintiff told them that Snoopy was his service animal.

12. The Defendant's representative demanded the Plaintiff produce documentation of "service papers." The Plaintiff informed the representative that he was disabled and that he had a hearing disability and that Snoopy was his service animal. As such, his service animal is permitted to accompany the plaintiff in public establishments such as the Defendant's hotel. The Defendant's representative was persistent and continued to demanded documentation of "service dog papers" as a prerequisite to staying at the hotel.

13. The Plaintiff left the Defendant's hotel embarrassed and humiliated.

14. The conduct of Defendant's representative was unreasonable and discriminatory, and as a result thereto, the Plaintiff was discriminated against and effectively denied entry/accommodation to the Public Lodging Establishment.

15. On information and belief, the Defendant is aware of the need to provide equal access to individuals with disabilities and their service animals. The Defendant has failed and refused to follow the guidelines and requirements for the provision of equal access to individuals with disabilities and their service animals.

16. Therefore, failure of the Defendant's hotel to reasonably accommodate individuals with disabilities and their service animals is willful, malicious, and oppressive and in compete disregard for the rights of the Plaintiff and in violation of 28 C.F.R. §36.302(c), and Florida Statute §413.08(2),(3).

17. This discrimination resulted in the fact that the Plaintiff was denied full and equal access to, and full and equal enjoyment of the Defendant's hotel, a Public Lodging Establishment which is the subject of this lawsuit. See, Exhibit "A" for verification of Plaintiff's visit.

18. As a result of the Defendant's discrimination, the Plaintiff suffered loss of dignity, mental anguish and other tangible injuries.

19. The Plaintiff has long been a vacation traveler and a customer of and a customer of Public Accommodations. The Plaintiff often travels throughout Florida and continues to desire to return to the Palm Beach area and to rent a hotel room at the Defendant's hotel, but Plaintiff continues to be injured in that he is concerned that he will again be discriminated against by the failure of the Defendant's hotel to permit Plaintiff

and his service animal access to its Public Lodging Establishment, the Stay Inn hotel, in violation of the ADA and state statutes.

20. Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – SERVICE ANIMAL ACCESS - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

21. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 20 herein above.

22. The Fifth Circuit has identified the following guidelines in the ADA's legislative history:

> A public accommodation which does not allow dogs must modify that rule for a blind person with a seeing-eye dog, a deaf person with a hearing-ear dog, or a person with some other disability who uses a service dog. Refusal to admit a dog in these circumstances is tantamount to refusing to admit the person who is in need of the dog. Moreover, a public accommodation may not require the person with a disability to be separated from the service, guide, or seeing-eye dog once inside the facility, *Johnson v. Gambrinus Company/Spoetzl Brewery,* 116 F.3d 1052, 1061n.6 (5th Cir. 1997) (quoting H.R. Rep. No. 485(II) (1990) reprinted in 1990 U.S.C.A.N. 303, 309).

23. Refusal of the Defendant to provide entry to the Plaintiff when he was accompanied by his service animal into its Public Lodging Establishment as defined by §12181(7)(A) is tantamount to refusing to admit the hearing-impaired Plaintiff.

24. Plaintiff's hearing impairment limits major life activities including his ability to hear. Therefore, Plaintiff is an individual with a disability under Title III of the "ADA", §§12181-12189. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 42 U.S.C. §12181, et. seq.

6

25. Public Accommodations such as Island Hospitality Management II, LLC are required to provide full and equal enjoyment of their services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C.§12181(7)(A), §12182(a); 28 C.F.R. §36.203(a). Specifically, the Public Accommodation must:

    a) Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any private entity who owns, leases, or operates a place of public accommodation. 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a),

    b) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the Public Accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §12181(9), §§12182(b)(2)(A)(ii), (iii); §36.302(c)(1) and (2).

26. By the Defendant's blatant discrimination, by its completely unreasonable failure and refusal to allow Plaintiff and his service animal into its place of Public accommodation, the Defendant has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when the Defendant:

7

a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA and 28 C.F.R. §36.302(c); specifically policies that provide equal access to individuals with disabilities including their service animals,

b) Excluded the Plaintiff from renting a room at its hotel due to the fact that he was accompanied by his service animal which was assisting him with his disability, in violation of 28 C.F.R. §§36.301, 36.302(c),

c) Harassed and argued with the Plaintiff regarding a non-existent requirement that Plaintiff provide identification for his service animal, in violation of 28 C.F.R. §36.302(c), and

d) Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of 42 U.S.C. §12181(2), §12181(7)(A), §12182(a); 42 U.S.C. §§12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.302(c).

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to require the Defendant to assure that its hotel, which is a place of public accommodation (public lodging establishment) is accessible to, and useable by, individuals with disabilities including their service animals.

28. The Court is vested with the authority to require the Defendant to assure that its Public Lodging Establishment (a place of public accommodation) allows service animals to accompany people with disability(ies) in all areas of the hotel wherein the public is normally allowed to go.

**WHEREFORE,** Plaintiff Alexander Johnson respectfully prays that this Court grant the following relief against Defendant Island Hospitality Management II, LLC,

including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from the Defendant's services. This includes entry of a permanent injunction ordering the Defendant Island Hospitality Management II, LLC;

    a)    To cease discrimination against the Plaintiff and other disabled persons who use service animals;

    b)    To promulgate and comply with policies and procedures to ensure that the Defendant and its staff and representatives do not discriminate against individuals who are disabled and use service animals;

    c)    To provide signage at the front door of the Public Lodging Establishment and inside the Public Lodging Establishment stating that "SERVICE ANIMALS ARE WELCOME," in order to ensure compliance by the Defendant's representatives and to ensure that individuals who are disabled and who use service animals are well informed of the Public Lodging Establishment's compliance with federal laws;

    d)    Award reasonable costs and attorneys fees; and

    e)    Award any and all other relief that may be necessary and appropriate.

## COUNT II - VIOLATION OF FLORIDA STATUTES
## §§760, 509.092, and 413.08

29.    Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 20 above.

30.    The Defendant has violated Florida Statute §760, which provides all

persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

31. The Defendant has violated Florida Statute §509.092, which states that a Public Lodging Establishment may not refuse accommodation or service to any person based upon physical disability.

32. The Defendant has violated Florida Statute §413.08 and §760.02(11)(a), which states that an individual with a disability who utilizes a service animal is entitled to equal treatment in places of Public accommodation. The Plaintiff is an individual with a disability ("hard of hearing") as defined at F.S. §413.08(1)(b)(1). The Plaintiff's service animal, Snoopy, is a service animal as defined at F.S. §413.08(1)(d). The Defendant's Public Lodging Establishment is defined within F.S. §760.02(11)(a) and §413.08(2)(c) which states that any inn, hotel, motel or other establishment which provides lodging to transient guests is a place of public accommodation.

33. Thus, the Defendant's hotel is a place of Public accommodation and is within the purview of F.S. §413.08, and the Plaintiff's rights are protected, as delineated within F.S. §413.08(2) (a) – (e) and F.S. §413.08(4).

34. The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff Alexander Johnson respectfully prays that this Court grant the following relief against the Defendant Island Hospitality Management II, LLC, including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

a) A declaration that the policies and procedures of the Defendant violated Florida Statues §§760.02(6), 413.08, and 509.092, in that the Defendant failed to consider and accommodate the needs of disabled persons and their service animals to the full extent required by Florida law.

b) An Order mandating that the Defendant train its employees, including management staff, to comply with all appropriate laws;

c) An Order mandating that the Defendant revise its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal access to individuals with disabilities and their service animals within a reasonable time;

d) An Order mandating that the Defendant expeditiously make all reasonable and appropriate modifications in their policies, practices, and procedures toward persons with disabilities and their service animals, and take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

e) An Order that the Defendant install signage at the front door of the Defendant's hotel and inside the hotel stating that "SERVICE ANIMALS ARE WELCOME," in order to ensure compliance by the Defendant's representatives and to ensure that individuals who are disabled and who use service animals are well informed of the Defendant's hotel's compliance with state laws;

  f)  Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

  g)  Award reasonable costs and attorneys fees; and

  h)  Award any and all other relief that may be necessary and appropriate.

Dated this 2nd day of May, 2016

  Respectfully submitted,

      *s/ Scott R Dinin*
      Scott R. Dinin, Esq.
      Scott R. Dinin, P.A.
      4200 NW 7th Avenue
      Miami, Florida 33127
      Tel: (786) 431-1333
      inbox@dininlaw.com
      *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Civil Action Number:

ALEXANDER JOHNSON,

    Plaintiff,

vs.

ISLAND HOSPITALITY MANAGEMENT
II, LLC, d/b/a Stay Inn,
    Defendant.

---

## VERIFICATION OF COMPLAINT

---

Plaintiff Alexander Johnson declares under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 3-2-16

Alexander Johnson

EXHIBIT "A"